# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Jonathan Fitzpatrick Gilliam, #325724, ) | C/A No. 4:09-1374-HMH-TER |
| Plaintiff, ) | |
| ) | REPORT AND RECOMMENDATION |
| v. ) | |
| Donald Waltz; Sg. Dryer at BRCI; ) | |
| Marshall Lee Bouknight; Chris Garner; ) | |
| Officer Thomas at BRCI, ) | |
| Defendants. ) | |

## PROCEDURAL BACKGROUND

The *pro se* plaintiff filed a complaint pursuant to 42 U.S.C. §1983 on May 27, 2009.[1] Defendants filed a Motion for Summary Judgment on April 21, 2010. The undersigned issued an order filed April 22, 2010, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising plaintiff of the Motion for Summary Judgment procedure and the possible consequences if he failed to respond adequately. Plaintiff failed to file a response.

An Order was issued on June 2, 2010, giving plaintiff ten (10) days from the date of said Order to respond to defendants' Motion for Summary Judgment or his case may be dismissed pursuant to Federal Rules of Civil Procedure 41(b), and that dismissal would be considered an adjudication on the merits, i.e., with prejudice. Plaintiff failed to file a response.

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

## RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990), and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1) the degree of plaintiff's responsibility in failing to respond;

(2) the amount of prejudice to the defendant;

(3) the history of the plaintiff in proceeding in a dilatory manner; and,

(4) the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through plaintiff's neglect, and not that of an attorney, that no responses have been filed. Plaintiff has not responded to defendants' motion for summary judgment or the court's Orders requiring him to respond. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

## CONCLUSION

As set out above, a review of the record indicates that the Plaintiff's complaint should be dismissed for failure to prosecute. It is, therefore,

RECOMMENDED that Plaintiff's complaint be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b) with prejudice.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

June 15, 2010
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**